# JOSEPH A. HENRY v. WILLIAM G. WHITE and Another.[1]

April 18, 1913.

Nos. 18,185—(246).

**Demurrer to general denial.**

1. A demurrer to a general denial in an action to foreclose a mortgage was properly overruled. [Reporter.]

**Same — question not raised.**

2. Whether an innocent purchaser of a title registered under the Torrens law is protected against the fraud of his grantor in failing to disclose in the registration proceedings an unrecorded mortgage on the property, is not raised by such a demurrer. [Reporter.]

Action in the district court for Ramsey county to foreclose an unrecorded mortgage by a sale of the mortgaged premises. The complaint alleged that defendant Gould represented to plaintiff he wished to register title to the lot in question, but if plaintiff would refrain from recording his mortgage the decree in the registration proceeding would protect the lien thereof; that Gould applied for registration and the title was registered in him as owner, free and clear of all incumbrances; that Gould thereafter conveyed the premises to defendant White, and alleged upon information and belief that defendant White received and accepted the conveyance with full knowledge of the fraudulent intent of Gould to defraud plaintiff and deprive him of his mortgage lien. The answer of defendant White alleged that defendant Gould caused the title to the premises to be registered and a certificate of title duly issued to him; alleged a purchase by the answering defendant for a valuable consideration without any notice whatsoever of the existence of the mortgage, and a transfer of the certificate of title to defendant White. Plaintiff demurred to the answer. From an order overruling the demurrer, Dickson, J., plaintiff appealed. Affirmed.

*Lloyd Peabody*, for appellant.

*William G. White*, respondent, pro se.

[1] Reported in 140 N. W. 1034.

PER CURIAM.

Appeal by plaintiff from an order overruling his demurrer to the answer of defendant White. As this answer, in addition to pleading that defendant was an innocent purchaser, contained a general denial of all the allegations of the complaint, which included a denial of the making of and default in the mortgage sought to be foreclosed, the demurrer was properly overruled.

The question upon which our decision is sought—that is, whether an innocent purchaser of a title registered under the Torrens law is protected against the fraud of his grantor in failing to disclose in the registration proceedings the existence of an unrecorded mortgage on the property—is not raised by this demurrer to a general denial, and we decline to consider or decide it.

Order affirmed.